

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700　　　　(973) 645-2700
Newark, NJ 07102

PL AGR / JLH / RA

October 6, 2020

**RECEIVED**

NOV 10 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Kim A. Giombetti, Esq.
222 Wyoming Avenue
Scranton, Pennsylvania 18503

Re: <u>Plea Agreement with Kimberly Schmidt</u>　　20 CR 982 (AET)

Dear Ms. Giombetti:

This letter sets forth the plea agreement between your client, Kimberly Schmidt, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on October 16, 2020, if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Kimberly Schmidt to an Information charging her with, from in or about December 2018 to in or about June 2020, knowingly and intentionally conspiring to violate the Federal Anti-Kickback Statute by knowingly and willfully soliciting or receiving illegal remuneration, that is kickbacks and bribes, in exchange for steering medically unnecessary genetic tests, for which payment was made in whole or in part under a Federal health care program, contrary to 42 U.S.C. § 1320a-7b(b)(1)(A), in violation of 18 U.S.C. § 371. If Kimberly Schmidt enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Kimberly Schmidt for, from in or about December 2018 to in or about July 2020, conspiring to commit health care fraud and conspiring to solicit and receive kickbacks and bribes for and related to genetic testing samples from patients of Dr. Lee Besen.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Kimberly Schmidt agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Kimberly Schmidt may be commenced against her, notwithstanding the expiration of the limitations period after Kimberly Schmidt signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 371 to which Kimberly Schmidt agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Kimberly Schmidt is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Kimberly Schmidt ultimately will receive.

Further, in addition to imposing any other penalty on Kimberly Schmidt, the sentencing judge (1) will order Kimberly Schmidt to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Kimberly Schmidt to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order Kimberly Schmidt, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Kimberly Schmidt to serve a term of supervised release of not more than three years, which term of supervised release will begin at the expiration of any term of imprisonment imposed. Should Kimberly Schmidt be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Kimberly Schmidt may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum

term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition, Kimberly Schmidt agrees to pay restitution in an amount to be determined at the time of sentencing for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Forfeiture

As part of her acceptance of responsibility, and pursuant to 18 U.S.C. § 982(c)(7), Kimberly Schmidt agrees to forfeit to the United States all of her right, title, and interest in all property she obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 371 charged in the Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7).

Kimberly Schmidt waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Kimberly Schmidt understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Kimberly Schmidt waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Kimberly Schmidt's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Kimberly Schmidt further agrees that not later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Kimberly Schmidt fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that Kimberly Schmidt has intentionally failed to disclose assets on her Financial Disclosure Statement, Kimberly Schmidt agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Kimberly Schmidt by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of Kimberly Schmidt's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Kimberly Schmidt agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Kimberly Schmidt from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve

the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Kimberly Schmidt waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

Kimberly Schmidt understands that, if she is not a citizen of the United States, her guilty plea to the charged offense may result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Kimberly Schmidt understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Kimberly Schmidt wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Kimberly Schmidt understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Kimberly Schmidt waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Kimberly Schmidt. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Kimberly Schmidt.

No provision of this agreement shall preclude Kimberly Schmidt from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Kimberly Schmidt received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Kimberly Schmidt and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Joshua L. Haber
Assistant U.S. Attorney

Rahul Agarwal
Executive Assistant U.S. Attorney

APPROVED:

Lee M. Cortes, Jr.
Chief, Health Care Fraud Unit

I have received this letter from my attorney, Kim A. Giombetti, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Kimberly Schmidt_ (signature)                    Date: 10/12/20
Kimberly Schmidt

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_Kim Giombetti_ (signature)                    Date: 10/12/2020
Kim A. Giombetti, Esq.

## Plea Agreement With Kimberly Schmidt

## Schedule A

1.  This Office and Kimberly Schmidt recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Kimberly Schmidt nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Kimberly Schmidt within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Kimberly Schmidt further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.  The version of the United States Sentencing Guidelines, effective November 1, 2018, applies in this case.

3.  The applicable guideline for the offense charged in the Information is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is a conspiracy to pay kickbacks, the applicable guideline is U.S.S.G. § 2B4.1.

4.  Under U.S.S.G. § 2B4.1, the base offense level is 8. *See* U.S.S.G. § 2B4.1(a).

5.  Because this offense involved an improper benefit to be conferred totaling more than $250,000 but not more than $550,000, the Specific Offense Characteristic results in an increase of 12 levels. *See* U.S.S.G. § 2B4.1(b)(1)(B) and 2B1.1(b)(1)(G).

6.  Kimberly Schmidt was a minor participant in the relevant criminal activity, pursuant to U.S.S.G. § 3B1.2(b). This results in a decrease of 2 levels.

7.  The Total Base Offense Level is 18.

8.  As of the date of this letter, Kimberly Schmidt has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of

responsibility is appropriate if Kimberly Schmidt's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Kimberly Schmidt has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Kimberly Schmidt's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Kimberly Schmidt enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Kimberly Schmidt's acceptance of responsibility has continued through the date of sentencing and Kimberly Schmidt therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Kimberly Schmidt's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Kimberly Schmidt is 15 (the "agreed total Guidelines offense level").

11. Pursuant to 18 U.S.C. § 3553(a), Kimberly Schmidt reserves the right to move for a downward variance. This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

12. Kimberly Schmidt knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 15. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 15. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

       13.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.